1   Gregory A. Brower (State Bar No. 5232)
    gbrower@swlaw.com
2   Chad Fears (State Bar No. 6970)
    cfears@swlaw.com
3   SNELL & WILMER
    3883 Howard Hughes Parkway
4   Suite 1100
    Las Vegas, Nevada 89169-5958
5   Telephone:     (702) 784-5200
    Facsimile:     (702) 784-5252
6
    Lester J. Savit (*pro hac vice*)
7   JONES DAY
    3161 Michelson Drive, Suite 800
8   Irvine, CA  92612
    Telephone:     (949) 851-3939
9   Facsimile:     (949) 553-7539

10  Douglas R. Cole (*pro hac vice*)
    JONES DAY
11  325 John H. McConnell Boulevard
    Suite 600
12  P.O. Box 165017
    Columbus, OH  43216-5017
13  Telephone:     (614) 469-3939
    Facsimile:     (614) 461-4198
14
    Attorneys for Defendant
15  THE SCOTTS MIRACLE-GRO
    COMPANY, an Ohio corporation
16

17              UNITED STATES DISTRICT COURT

18                  DISTRICT OF NEVADA

19

20  THE IPATT GROUP, INC., a Florida          Case No. 09-CV-02419 (GMN) RJJ
    Corporation, dba WONDER SOIL, a Nevada
21  company, and PATTI DONNER RUBIN, a         **REQUEST FOR ORAL ARGUMENT
    Florida resident,                          ON THE SCOTTS MIRACLE-GRO
22                                              COMPANY'S MOTION TO
                   Plaintiff,                   TRANSFER**
23
          v.
24
    THE SCOTTS MIRACLE-GRO
25  COMPANY, an Ohio corporation,

26                 Defendant.

27

28

1       Defendant, The Scotts Miracle-Gro Company ("Scotts"), respectfully requests that the

2   Court hear oral argument on Scotts' Motion to Transfer. The motion has been fully briefed for

3   nearly a month; the opening papers were filed on April 21, 2010 (Docket Entry No. 9), Plaintiffs'

4   Response was filed on May 10, 2010 (Docket Entry No. 11), and Scotts' Reply was filed on

5   May 20, 2010 (Docket Entry No. 17). The motion seeks to transfer this patent infringement

6   action to the Southern District of Ohio, Eastern Division, because (1) Scotts is located only 30

7   miles from the Columbus, Ohio courthouse, (2) the great majority of documents and witnesses at

8   issue in the case are located at Scotts, (3) Plaintiff is a resident of Florida, significantly closer to

9   Ohio than Nevada, (4) the operative facts of the dispute have nothing to do with Nevada, and

10  (5) trial in the Ohio court is likely to occur sooner than it would in Nevada and will provide jury

11  access to the production lines for the accused EZ Seed® products.

12      After briefing on Scotts' motion to transfer was completed, and in response to Scotts'

13  motion to dismiss, all of the non-patent causes of action in the case, Counts I and II, were

14  voluntarily dismissed (Docket Entry No. 23).[1] Without Counts I and II, the corporate co-Plaintiff,

15  The Ipatt Group, Inc., has dropped out of the suit and is no longer a party. *Id.* at 2. That leaves

16  Florida resident Patti Rubin as the only Plaintiff in this action. As this is now a single-plaintiff

17  action by Rubin involving solely a claim for patent infringement, the judicial factors to be

18  considered when deciding a motion to transfer tilt even more strongly in favor of granting the

19  motion. Oral argument would allow the parties to more fully explain the significance of these

20  new developments without burdening the Court with further briefing.

21      In addition, setting oral argument, and deciding whether the case will proceed here or in

22  the Southern District of Ohio in a timely manner, will increase judicial efficiency. For example,

23  the parties soon will be negotiating and submitting a proposed scheduling and discovery plan, and

24  then undertaking discovery. Knowing in advance whether the case will be heard in the District of

25  Nevada or in the Southern District of Ohio would assist the parties to plan the case. Also, if the

26  _____

27  [1] The voluntary dismissal of Counts I and II was filed on behalf of co-Plaintiff The Ipatt Group. On June 18, 2010, Plaintiffs' counsel, John Posthumus, sent an email to Scotts' counsel, Lester J. Savit, clarifying that co-Plaintiff Rubin was not asserting those Counts. Hence, the non-

28  patent allegations are out of the case.

- 1 -

case is going to proceed in another venue, learning of that ruling before submission of the proposed scheduling and discovery plan would avoid the need to duplicate those efforts before another judge.

In sum, the Court could materially advance the prospects for timely and efficient resolution of this action by setting a date to hear oral arguments on Scotts' motion to transfer, and expeditiously deciding the motion thereafter.

Dated: June 28, 2010                                        Respectfully submitted,


By: _____

Gregory A. Brower (State Bar No. 5232)
gbrower@swlaw.com
Chad Fears (State Bar No. 6970)
cfears@swlaw.com
SNELL & WILMER
3883 Howard Hughes Parkway
Suite 1100
Las Vegas, Nevada 89169-5958
Telephone:    (702) 784-5200
Facsimile:    (702) 784-5252

Lester J. Savit (*pro hac vice*)
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA  92612
Telephone:    (949) 851-3939
Facsimile:    (949) 553-7539

Douglas R. Cole (*pro hac vice*)
JONES DAY
325 John H. McConnell Boulevard
Suite 600
P.O. Box 165017
Columbus, OH  43216-5017
Telephone:    (614) 469-3939
Facsimile:    (614) 461-4198

Attorneys for Defendant
THE SCOTTS MIRACLE-GRO
COMPANY, AN OHIO CORPORATION

- 2 -