Patrick J. Reilly, Esq.
Nevada Bar No. 6103
HOLLAND & HART LLP
3800 Howard Hughes Pkwy., 10th Floor
Las Vegas, Nevada, 89169
Telephone: (702) 669-4600
Facsimile: (702) 669-4650
preilly@hollandhart.com

John R. Posthumus, Esq. (*pro hac vice*)
Sheridan Ross PC
1560 Broadway, Suite 1200
Denver, CO 80202-5141
Tel: (303) 863-9700
Fax: (303) 863-0223
jposthumus@sheridanross.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PATTI DONNER RUBIN, a Florida resident,<br><br>Plaintiff,<br><br>vs.<br><br>THE SCOTTS MIRACLE-GRO COMPANY, an Ohio corporation,<br><br>Defendants. | Case No. 2:09-cv-02419-GMN-RJJ<br><br>**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER SUBMITTED IN COMPLIANCE WITH LR-26-1(e)**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Pursuant to Local Rule 26-1(d), the parties submit the following Discovery Plan and Scheduling Order ("Order").

I.      INFORMATION PURSUANT TO FRCP RULE 26(f):

1.      The case conference was held on July 20, 2010 and attended by Plaintiff's counsel John Posthumus, Esq. and Defendant's counsel Lester Savit, Esq.

         a.      On December 23, 2009, Plaintiffs The Ipatt Group, Inc. ("Ipatt") and Patti Donner Rubin ("Rubin") filed a Complaint and Jury Demand against Defendant The Scotts Miracle-Gro Company [Doc. 1].

         b.      On April 21, 2010, Defendant The Scotts Miracle -Gro Company ("Scotts")

1

4876307_1.DOC

HOLLAND & HART LLP
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, NV 89169
Phone: (702) 669-4600; Fax: (702) 669-4650

HOLLAND & HART LLP
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, NV 89169
Phone: (702) 669-4600; Fax: (702) 669-4650

1    filed a Motion to Transfer [Doc. 9].

2        c.    On April 22, 2010, Ipatt and Rubin served Plaintiff's Complaint and Jury

3    Demand on Defendant.  The Executed Return of Service was filed with the Court on April

4    22, 2010 [Doc. 8].

5        d.    On May 10, 2010, Plaintiffs Ipatt and Rubin filed their Opposition to

6    Defendant Scotts' Motion to Transfer [Doc. 11].

7        e.    On May 13, 2010, Defendant Scotts filed its Answer and Counterclaims

8    [Doc. 13].

9        f.    On May 13, 2010, Defendant Scotts filed a Motion to Dismiss Counts I and

10   II of Plaintiffs Ipatt's and Rubin's Complaint [Doc. 16].

11       g.    On May 20, 2010, Defendant Scotts filed its Reply in Support of Its Motion

12   to Transfer [Doc. 17].

13       h.    On June 3, 2010, Plaintiffs Ipatt and Rubin filed their Reply to Defendant

14   Scotts' Affirmative Defenses and Counterclaims [Doc. 22].

15       i.    On June 3, 2010, Plaintiff Ipatt filed a Voluntary Notice of Dismissal of the

16   First and Second Causes of Action without Prejudice [Doc. 23].  As Plaintiff Ipatt is not

17   asserting remaining Count III, the claim for patent infringement, Ipatt is no longer a party in

18   the case.  Rubin is the sole remaining plaintiff.

19       j.    On June 22, 2010, Defendant Scotts filed a Withdrawal of its Motion to

20   Dismiss Counts I and II [Doc. 26].

21       k.    On June 28, 2010, Defendant Scotts filed a Request for Oral Argument on Its

22   Motion to Transfer [Doc. 27].  The Motion to Transfer is still pending.

23       l.    Plaintiff Rubin also intends to file a motion for leave to amend the Complaint

24   to add as a new Defendant Scott's wholly owned operating subsidiary, The Scott's

25   Company LLC and to drop Defendant Scotts from the action.

26   2.    The parties do not request any changes in the timing, form or requirement for

27   disclosures under Rule 26(a).  The parties will exchange disclosures under Rule 26(a)(1) on or

28   before **August 3, 2010**.

2

4876307_1.DOC

**HOLLAND & HART LLP**
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, NV 89169
Phone: (702) 669-4600; Fax: (702) 669-4650

3.     Discovery may be conducted on all matters relevant to issues raised by the pleadings and all matters within the scope of Rule 26(b)(1) and not protected from disclosure.

4.     The parties hope to resolve any disputes regarding assertions of the attorney-client privilege without judicial intervention.  However, Scotts believes that the Court's assistance may be needed to resolve an issue arising under the crime-fraud exception to the privilege.  Scotts alleges that Rubin's 2004 patent application was based on a false oath submitted to the federal government in which she claimed to be the original and sole inventor of a product and manufacturing method. Scotts alleges that Rubin was not the inventor of the subject matter of the patent application, but learned of the product and manufacturing method from others who had been selling the product for many years prior to Plaintiff's patent application.  Scotts further alleges that Rubin sought the assistance of patent counsel in furtherance of this crime and fraud, and therefore the privilege is not available to prevent discovery into the communications between Rubin and her patent counsel. Rubin denies Scott's allegations.

5.     The parties propose that each side be limited to a total of 60 hours of fact witness (party and third-party) deposition time, unless additional time is granted by the Court.  The parties agree that the deposition of Plaintiff Rubin will not be limited to one day.  Otherwise, no changes in limitations set by either the Federal Rules of Civil Procedure or Local Rules of Practice for the District Of Nevada are requested at this time.

II.     INFORMATION PURSUANT TO LOCAL RULE 26-1(E)

1.     Special Issues Related to this Patent Case.  The case involves Plaintiff's claim of patent infringement and counterclaims that the patent is not infringed, invalid and unenforceable. As a result, discovery in this case raises a number of patent related-issues, such as the disclosure of asserted claims, and infringement and invalidity contentions as well as claim construction briefing and a claim construction hearing.

2.     In order to conduct discovery in an orderly fashion in this case, the parties propose phased discovery.  As proposed herein, fact discovery will proceed in conjunction with the exchange of infringement and validity contentions according to the schedule proposed below.  In addition, time periods are proposed for the service and filing of claim construction briefs that would

3

4876307_1.DOC

**HOLLAND & HART LLP**
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, NV 89169
Phone: (702) 669-4600; Fax: (702) 669-4650

begin near or shortly after the end of fact discovery.  Expert discovery would begin upon the Court's issuance of claim constructions in order to assure that the expert reports will not have to address all possible claim constructions.

3.      Subject to the Court's approval, the parties propose that the Court adopt the time periods set forth in the local patent rules for the Northern District of California (attached as Exhibit A and referred to as the "Patent Rules") to guide the patent related discovery in this case.  These periods are set forth below.

4.      Patent Disclosures.  The parties request that Patent Disclosures and the Amendment thereof be conducted as follows:

a.      No later than 14 days after the Court's entry of this Order, Plaintiff will serve upon Defendant a "Disclosure of Asserted Claims and Infringements Contentions," as contemplated by Patent Rules 3-1 and 3-2.

b.      No later than 45 days after service upon Defendant of the "Disclosure of Asserted Claims and Infringement Contentions," Defendant shall serve on Plaintiff its "Invalidity Contentions," as contemplated by Patent Rules 3-3 and 3-4.

c.      Patent Rule 3-6 shall govern amendments to the Infringement and Invalidity Contentions.

d.      No later than 50 days after service by the Court of its Claim Construction Ruling, each party relying upon the advice of counsel as part of a patent–related claim or defense for any reason shall comply with the requirements of Patent Rule 3-7.  Any party failing to comply with the requirements of Patent Rule 3-7 shall not be permitted to rely on advice of counsel for any purpose absent a stipulation of all parties or by order of the Court.

5.      Claim Construction Proceedings.  The parties request that Claim Construction Proceedings be conducted as follows:

a.      No later than 14 days after service of the Invalidity Contentions, each party will serve on the other party a list of claims terms, which the party contends should be construed by the Court, and identify any claim term which the party contends should be governed by 35 USC §112(6), as contemplated by Patent Rule 4-1.  The parties shall

4

4876307_1.DOC

HOLLAND & HART LLP
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, NV 89169
Phone: (702) 669-4600; Fax: (702) 669-4650

1    thereafter meet and confer for the purposes stated in Patent Rules 4-1(b).

2         b.    No later than 21 days after the exchange of the lists of claim terms, the

3    parties shall simultaneously exchange proposed constructions for each term identified by

4    either party for claim construction, as contemplated by Patent Rule 4-2.  The parties shall

5    thereafter meet and confer for the purposes stated in Patent Rules 4-2(c).

6         c.    No later than 60 days after service of the Invalidity Contentions, the parties

7    shall complete and file a "Joint Claim Construction and Prehearing Statement" as

8    contemplated by Patent Rule 4-3.

9         d.    No later than 30 days after serving and filing of the Joint Claim Construction

10   and Prehearing Statement, the parties shall complete all discovery relating to claim

11   construction as contemplated by Patent Rule 4-4.

12        e.    No later than 45 days after serving and filing of the Joint Claim Construction

13   and Prehearing Statement, Plaintiff shall serve and file an opening claim construction brief

14   and any evidence supporting their claim constructions, as contemplated by Patent Rule

15   4.5(a).

16        f.    No later than 14 days after service of Plaintiff's opening brief, Defendant

17   shall serve and file its responsive brief and supporting evidence, as contemplated by Patent

18   Rule 4.5(b).

19        g.    No later than 7 days after service of Defendant's response brief, Plaintiff

20   shall serve and file any reply brief and any evidence directly rebutting the supporting

21   evidence contained in Defendant's response brief, as contemplated by Patent Rule 4-5(c).

22        h.    No later than 7 days after service of Plaintiff's reply brief, Defendant shall

23   serve and file any sur-reply brief and any evidence directly rebutting the supporting

24   evidence contained in Plaintiff's reply brief.

25   6.    Claim Construction Hearing:  The schedule requested above contemplates that the

26   Court will conduct a Claim Construction hearing before the start of expert discovery.  At a Claim

27   Construction Hearing, counsel for each party proposes providing an opening tutorial on applicable

28   technology, followed by testimony from 1-2 witnesses and concluding with each party providing

4876307_1.DOC

HOLLAND & HART LLP
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, NV 89169
Phone: (702) 669-4600; Fax: (702) 669-4650

separate argument for each claim term in dispute. Counsel for both parties anticipate that a Claim Construction Hearing will take one day or less to complete.

7.   <u>Fact Discovery Cutoff Date</u>:   Given the complexity and scope of the issues for discovery in this patent case, and the motion practice that already has occurred in the beginning of the case, the parties request that a fact discovery cut-off date be set for 315 days from the May 13, 2010 service of the Answer and the last day of fact discovery shall be **March 23, 2011**.  This will provide adequate time to complete each of the exchanges of information and documents according to the reasonable schedule set forth above

8.   <u>Amending the Pleadings and Adding Parties</u>:   In accordance with Local Rule 26-1(e)(2), the last day to file a motion to amend the pleadings or add parties shall be December 22, 2010, 90 days prior to the fact discovery cut-off date.

9.   <u>Expert Discovery Periods</u>:   Initial expert reports as required by FRCP 26(a)(2) shall be exchanged 45 days after the Court's issuance of claim constructions, and rebuttal expert reports shall be 30 days after the initial disclosure of experts.  Expert discovery will be completed within 45 days of the due date for exchange of rebuttal expert reports.  Each party shall include in the initial reports all opinions supporting issues in which the party carries the burden of proof.  For example, Rubin must include expert opinions in support of infringement, any secondary considerations supporting non-obviousness and damages; Scotts must include expert opinions in support of invalidity and unenforceability.

10.   <u>Dispositive Motions</u>:  In accordance with Local Rule 26-1(e)(4), dispositive motions shall be filed no later than 30 days after the final expert discovery cut-off date.

11.   <u>Pretrial Order</u>:  In accordance with Local Rule 26-1(e)(5), the last day to file a Joint Pretrial Order, including any disclosures pursuant to FRCP 26(a)(3), shall be 30 days after the date set for filing dispositive motions.  In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after the decision of the dispositive motions or further order of the Court.

III.   EXTENSION OF SCHEDULED DEADLINES:

In accordance with Local Rule 26-4, a request for an extension of this discovery plan shall

4876307_1.DOC

1  be filed and served no later than twenty-one (21) days before the discovery cut-off date.

2  APPROVED AS TO FORM AND CONTENT:

3

4  Dated: July 23, 2010                    By:        /s/ Patrick J. Reilly
                                                Patrick J. Reilly, Esq. (State Bar No. 6103)
                                                HOLLAND & HART LLP
5                                               3800 Howard Hughes Pkwy., 10th Floor
                                                Las Vegas, Nevada, 89169
6
                                                John R. Posthumus (*pro hac vice*)
7                                               Sheridan Ross PC
                                                1560 Broadway, Suite 1200
8                                               Denver, CO 80202

9                                               *Attorneys for Plaintiffs*

10 Dated: July 23, 2010                    By:        /s/ Chad Fears
                                                Gregory A. Brower, Esq. (State Bar No.
11                                              5232)
                                                Chad Fears, Esq.
12                                              SNELL & WILMER
                                                3883 Howard Hughes Parkway
13                                              Suite 1100
                                                Las Vegas, Nevada 89169-5958
14
                                                Lester J. Savit (*pro hac vice*)
15                                              JONES DAY
                                                3161 Michelson Drive, Suite 800
16                                              Irvine, CA  92612
17
                                                Douglas R. Cole (*pro hac vice*)
18                                              JONES DAY
                                                325 John H. McConnell Boulevard
19                                              Suite 600
                                                P.O. Box 165017
20                                              Columbus, OH  43216-5017
21
                                                *Attorneys for Defendant*
22                                              *The Scotts Miracle-Gro Company*
23

24                              **ORDER**

25     IT IS SO ORDERED this "3uvday of Ugrvgo dgt, 2010.

26

27     _____
       United States O ci-kutcyg Judge

28

7

HOLLAND & HART LLP
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, NV 89169
Phone: (702) 669-4600; Fax: (702) 669-4650