UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PATTI DONNER RUBIN, a Florida resident, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> THE SCOTTS COMPANY LLC, an Ohio ) <br> limited liability company, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No.: 2:09-cv-02419-GMN-VCF <br><br> **AMENDED ORDER** |

Pending before the Court is a Motion for Re-Taxation of Costs (ECF No. 174) filed by Defendant The Scotts Company LLC ("Defendant"). For the reasons discussed below, the Motion for Re-Taxation of Costs is **DENIED**.

I.   **BACKGROUND**

This case arose from a patent infringement claim in which Plaintiff Patti Donner Rubin ("Plaintiff") alleged that Defendant directly and literally infringed various claims of United States Patent No. 7,587,856. The Court granted Defendant's Motion for Summary Judgment (ECF No. 162) on January 24, 2014, and the Clerk of the Court entered judgment against Plaintiff (ECF No. 163) on January 27, 2014.

Shortly thereafter, Defendant filed its Bill of Costs, requesting $2,867.85 for costs related to service of summons and subpoena and docket fees under 28 U.S.C. §1923, and $35,122.52 for costs related to deposition transcripts, deposition videos, and a deposition room. (ECF No. 165.) Plaintiff timely filed her Objection to Defendant's Bill of Costs, asserting that (1) Defendant's costs associated with deposition transcripts lacked specificity and were unreasonable, (2) Defendant's costs associated with videotaped depositions were improper and should be rejected, and (3) Defendant's cost associated with a deposition room was improper

and should be rejected. (Objection 1:27–2:2, ECF No. 166.)

The Clerk taxed costs on February 24, 2014, in the amount of $2,867.85. (*See* ECF No. 167.) The Clerk denied costs related to deposition transcripts, stating that "no supporting invoices or documentation was attached to the Bill of Costs; therefore, the clerk is without sufficient information to tax the costs." (Mem. of Costs Taxed 2:10–11, ECF No. 168.) The Clerk also denied costs related to deposition videos and a deposition room, asserting that "[v]ideography services for the depositions and costs of the deposition room are not taxable." (*Id.* 2:12–13.)

## II.   DISCUSSION

Federal Rule of Civil Procedure 54(d) and Rule 54-1 of the Local Rules for the District of Nevada provide that the prevailing party shall be entitled to reasonable costs. Pursuant to Federal Rule of Civil Procedure 54(d)(1), the Court should allow costs other than attorney fees "as of course to the prevailing party unless the court otherwise directs … ." Rule 54(d)(1) creates a strong presumption in favor of awarding costs to the prevailing party. *Miles v. State of Cal.*, 320 F.3d 986, 988 (9th Cir. 2003). "(A) party in whose favor judgment is rendered is generally the prevailing party for purposes of awarding costs under Rule 54(d)." *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996) (quoting *d'Hedouville v. Pioneer Hotel Co.*, 552 F.2d 886, 896 (9th Cir. 1977)).

Local Rule 54-1 provides:

> (a) . . . Unless otherwise ordered by the court, the prevailing party shall be entitled to reasonable costs. A prevailing party who claims such costs shall serve and file a bill of costs and disbursements on the form provided by the clerk no later than fourteen (14) days after the date of entry of the judgment or decree.
>
> (b) . . . Every bill of costs and disbursements shall be verified and distinctly set forth each item so that its nature can be readily understood. The bill of costs shall state that the items are correct and that the services and disbursements have been actually and necessarily provided and made. An itemization and, **where available, documentation of requested costs in all categories must be attached to the bill of costs.**

LR 54-1 (emphasis added).  Local Rules 54-2 through 54-12 list the items that can be taxed and items that cannot.  The court may not tax costs under Rule 54(d) that are not authorized by statute or court rule. *Arlington Cent. School Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 301, 126 S. Ct. 2455, 2461–62 (2006).  Additionally, Local Rule 54-13(b) provides that "[a] motion to retax shall particularly specify the ruling of the Clerk excepted to, and no others will be considered by the Court. The motion shall be decided on the same papers and evidence submitted to the Clerk." LR 54-13(b).

### A. Costs of Deposition Transcripts

Defendant argues that the Clerk did not provide a sufficient reason for denying costs, arguing that "[a]ppropriate reasons for denying costs include '(1) a losing party's limited financial resources; (2) misconduct by the prevailing party; and (3) the chilling effect of imposing. . . high costs on future civil rights litigants, as well as (4) whether the issues in the case were close and difficult; (5) whether the prevailing party's recovery was nominal or partial; (6) whether the losing party litigated in good faith; and (7) whether the case presented a landmark issue of national importance.'" (Mem. Supp. Mot. for Re-Taxation of Costs 2:8–11, ECF No. 175 (quoting *Quan v. Computer Scis. Corp.*, 623 F.3d 870, 888–89 (9th Cir. 2010)).)  However, a "district court must 'specify reasons' only when it *refuses* to tax costs." *Quan*, 623 F.3d at 888 (citing *Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006)).  Here, the Court has not refused to tax costs.  Instead, the Clerk has denied a portion of taxable costs because Defendant failed to provide supporting invoices or documentation to support such costs.

Local Rule 54-1(b) specifies that ". . . where available, documentation of requested costs in all categories must be attached to the bill of costs."  Additionally, the standard Bill of Costs form used in this district provides a "SPECIAL NOTE: Attach to your bill an itemization **and documentation** for requested costs in all categories." (*See* Def.'s Bill of Costs, ECF No. 165

(emphasis added).)  Here, Defendant failed to attach to its Bill of Costs any documentation related to its alleged costs of deposition transcripts.  Furthermore, while Defendant cites to such documentation in the instant motion, the referenced Affidavit of Michelle Stover (ECF No. 173) is devoid of such documentation.  Therefore, the Court finds that, due to Defendant's failure to comply with Local Rule 54-1(b) on multiple occasions, the Clerk properly denied Defendant's deposition transcript costs.

### B.  Costs of Depositions Videos and a Deposition Room

Defendant argues that, because such costs are taxable, the Clerk improperly denied costs related to deposition videos and a deposition room. (Mem. Supp. Mot. Re-Taxation of Costs 4:4, 5:3.)  Local Rule 54-4 provides the taxable costs related to a deposition:

> The cost of a deposition transcript (either the original or a copy, but not both) is taxable whether taken solely for discovery or for use at trial. The reasonable expenses of a deposition reporter and the notary or other official presiding at the deposition are taxable, including travel, where necessary, and subsistence. Postage costs, including registry, for sending the original deposition to the Clerk for filing are taxable if the Court has ordered the filing of said deposition. Counsel's fees, expenses in arranging for taking a deposition, and expenses in attending the deposition are not taxable, except as provided by statute or by the Federal Rules of Civil Procedure. Fees for the witness at the taking of a deposition are taxable at the same rate as for attendance at trial. The witness need not be under subpoena. A reasonable fee for a necessary interpreter at the taking of a taxable deposition is taxable.

LR 54-4.  The rule does not provide for the taxation of costs related to deposition videos. Additionally, the rule does not provide for the taxation of costs related to a deposition room. Therefore, the Court finds that, because costs related to deposition videos and a deposition room are not taxable under the Local Rules, the Clerk properly denied Defendant's costs related to video depositions and a deposition room.  Nonetheless, even if the Local Rules provided for such costs, Defendant failed to comply with Local Rule 54-1 by not attaching documentation to its Bill of Costs.

**III.**     **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion for Re-Taxation of Costs is **DENIED**.

**DATED** this 16th day of September, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge